[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION Motion for Summary Judgment [140]
The plaintiff has moved for summary judgment. The court heard the parties on August 27, 2001. According to what the plaintiff told the court on August 27th, plaintiff claims the defendant, a towing operator, took possession of plaintiff's automobile in March 1995. Plaintiff had been arrested in December 1994. At that time the state police took possession of plaintiff's automobile and stored it in the impoundment yard at the Westbrook Barracks of the State Police. At the request of the State Police, defendant had towed plaintiff's car to the Westbrook Barracks.
In March 1995, the State Police released plaintiff's car from impoundment and requested defendant to remove the car from the State Police property. The defendant towed the car from the Westbrook Barracks to his facility in Rockfall, Connecticut. This occurred on March 24, CT Page 12383 1995.
On August 25, 1995, the defendant sold plaintiff's car. Defendant did not notify plaintiff of the impending sale before the August 25 sale.
Plaintiff relies on C.G.S. § 14-150 (g). In 1995, that section read as follows:
 "The owner or keeper of any garage or other place where such motor vehicle is stored shall have a lien upon the same for his storage charges. Unless title has already vested in the municipality pursuant to subsection (d), if the current market value of such motor vehicle as determined in good faith by such owner or keeper does not exceed five hundred dollars and such motor vehicle has been stored for a period of not less than fifteen days, such owner or keeper may, unless an application filed by the owner pursuant to subsection (d) of this section is pending and the owner of such motor vehicle has notified such owner or keeper that such application for hearing has been filed, sell the same for storage and towing charges owed thereon, provided a notice of intent to sell shall be sent to the commissioner and the owner of such motor vehicle, if known, five days before the sale of such vehicle. If the current market value of such motor vehicle as determined in good faith by such owner or keeper exceeds five hundred dollars and if such motor vehicle has been so stored for a period of ninety days, such owner or keeper shall, unless an application filed by the owner pursuant to subsection (d) of this section is pending and the owner of such motor vehicle has notified such owner or keeper that such application for hearing has been filed, sell the same at public auction for cash, at his place of business, and apply the avails of such sale toward the payment of his charges and the payment of any debt or obligation incurred by the officer who placed the same in storage, provided such sale shall be advertised in a newspaper published or having a circulation in the town where such garage or other place is located three times, commencing at least five days before such sale; and, if the last place of abode of the owner of such motor vehicle is known to or may be ascertained by such garage owner or keeper by the exercise of reasonable diligence, notice of the time and place of CT Page 12384 sale shall be given him by mailing such notice to him in a registered or certified letter, postage paid, at such last usual place of abode, at least five days before the time of sale. C.G.S. (Rev. 1993) § 14-150
(g).
Under our rules of procedure, "[w]hen any claim [cause of action] made in a complaint . . . is grounded on a statute, the statute shall be specifically identified by its number" in the complaint. Practice Book, § 10-3. Plaintiff's complaint does not mention C.G.S. § 14-150
(g).
The complaint does not mention the key dates relied upon by the plaintiff. Nor does it allege the key facts necessary for a cause of action under the statute plaintiff relies upon. For example, the complaint does not allege the defendant took possession of the car on March 22, 1995, does not allege that defendant sold the car on August 25, 1995, and does not allege defendant did not notify plaintiff of the impending sale before it occurred on August 25, 1995. If, as it appeared at oral argument, these are key facts upon which plaintiff relies, they should be alleged in the complaint. The court does not intimate what just what facts must be alleged in order to state a valid cause of action under C.G.S. § 14-150 (g). All facts which plaintiff relies upon for his claim should be alleged in the complaint.
The rules of practice also provide: "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." P.B. § 17-49.
Because of the deficiencies in the complaint, "the pleadings, affidavits, etc.," do not show plaintiff is entitled to judgment as a matter of law.
Plaintiff's motion for summary judgment, liability only, is denied.
Plaintiff may file an amended complaint. If plaintiff chooses to do so, the amended complaint shall be filed by October 17, 2001.
If plaintiff files an amended complaint, defendant shall file ananswer thereto within twelve days after the date the amended complaint is filed.
Parker, J.